IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-122-WJM-NRN

DEANNA FINNEY, an individual,

    Plaintiff,

v.

RIDGE & VALLEY REALTY, INC., a Colorado corporation d/b/a CREDIT SYSTEMS., INC.

    Defendant.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO
SE PARTIES**

The scheduling conference is set for March 8, 2023, at 11am. Counsel for each party are as follows:

Daniel Vedra of Vedra Law, Counsel for Plaintiff, located at 1444 Blake Street, Denver CO, 80202, (303) 937-6540.

Beth Dombroski of Triple L Law P.C., Counsel for Plaintiff, located at 24928 Genesee Trail Rd. Unit 100, Golden, CO 80401, 303-847-0755.

Veronica Vecchio of LaszloLaw, counsel for Defendant, located at 2595 Canyon Blvd., Suite 210, Boulder, CO 80302, (303) 926-0410.

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper based on 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

This action concerns the improper and illegal addition of interest to medical debt. Defendant is a debt collector that focuses on the collection of medical debts. While Plaintiff was making payments on her account with Colorado Surgical and Critical Care Associates (the "Creditor"), the Credit unexpectedly assigned the account to Defendant for collection purposes. Although the Creditor had never declared her account in default and had never added interest to the account, contrary to both Colorado law and the underlying contract, Defendant unilaterally added interest to the account when no interest was due and owing. During the period between when the account was assigned and when Defendant began dunning Plaintiff to pay the account, the Creditor sent account statements showing that no interest was due and own. Defendant had these account statements in its possession, and even verified the account with the account statements showing that the Creditor had not collected interest. Nevertheless, Defendant continued to collect interest after Plaintiff disputed the account.

Defendant's actions violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, which Congress intended "to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.  Specifically, Defendant's actions violate 15 U.S.C. § 1692e (prohibiting the use of false representations as to the amount of the debt); 15 U.S.C. § 1692e(2) (prohibiting misrepresentations as to the amount of the debt); 15 U.S.C. § 1692e(8) (communicating false credit information); 15 U.S.C. § 1692e(10) (prohibiting false representations and deceptive means to collect a debt); 15 U.S.C. § 1692f (prohibiting unfair or unconscionable means to collect a debt); 15 U.S.C. § 1692e(1) (collecting amounts not permitted by law); and 15 U.S.C. § 1692g(a) (requiring accurate disclosure of the amount a debt in an initial communication with a consumer).

   Defendant: Defendant denies violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* in any way in this matter.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1.     Jurisdiction and venue are proper.

## 5. COMPUTATION OF DAMAGES

Plaintiff seeks statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2) together with her actual damages for amounts overpaid on the account and damages for emotional distress to be determined by the jury, as permitted by 15 U.S.C. § 1692k(a)(1).  The amount of overpayment is not precisely known and will be included in

supplemental Rule 26(a)(1) disclosures when Plaintiff receives Defendant's initial disclosures showing the payment history on the account. Additionally, Plaintiff is entitled to her reasonable attorney fees and cost pursuant to 15 U.S.C. § 1692k(a)(3).

Defendant does not assert damages at this time but reserves the right to seek its costs and attorneys' fees as appropriate.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a. Date of Rule 26(f) meeting.

February 15, 2023.

    b. Names of each participant and party he/she represented.

Daniel J. Vedra representing Plaintiff.

Veronica Vecchio representing Defendant.

    c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) Disclosures will be made on or before March 1, 2023.

    d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

    e. Statement concerning any agreements to conduct informal discovery:

The attorneys have previously worked together on prior cases and have done so cordially and without court intervention. They anticipate that they can maintain this professional relationship and resolve any issues that may arise, and will both take commonsense

approaches to reducing litigation costs.

    f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties do not anticipate significant ESI discovery. The parties have agreed that ESI can be produced in PDF format. To the extent that one party seeks native format of any particular document or production, the parties agree to confer by telephone about the nature of any need and the means to minimize costs of production. The parties agree to number deposition exhibits consecutively.

    g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: if each party has electronically stored information, it will all be subject to disclosure and/or discovery. The parties expect to exchange all relevant documents in Portable Document Format (PDF).

    h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties believe that early resolution of this matter is possible and probable and will promptly notify the Court of any such settlement.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

     a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each party is entitled to up to three depositions, including experts. Each party is entitled to 20 interrogatories.

     b.     Limitations which any party proposes on the length of depositions.

Except for Rule 30(b)(6) depositions, all depositions shall be limited to seven hours.

     c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party may serve a maximum of 20 requests for production and 15 requests for admission.

     d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

All written discovery requests must be served sixty days before the discovery cutoff.

     e.     Other Planning or Discovery Orders

OBJECTIONS TO DISCOVERY REQUESTS:

Plaintiff seeks the Defendant to agree that there will be no general objections included in discovery responses for three important reasons: 1. It makes it unclear whether the "general objection" applies to any specific request and the rules require specific objections, e.g., Rule 33 (b)(4) "The grounds for objecting to an interrogatory must be stated with specificity."; 2. There is no clear indication that by including general objections as to whether or not any information is actually being withheld based on the objection;  3. To the extent that the general objection is based on privilege or work product, a party who asserts a privilege or work product must comply with Rule 26(b)(5) that requires the party to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do

so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Therefore, a general objection on these grounds is not appropriate.

Plaintiff also seeks the Defendant to agree that if a specific objection is made by a party to a discovery request, the party must state whether or not there is any discovery being withheld on the basis of the objection. This can alleviate unnecessary motion practice for the parties. If there is no discovery withheld, then there is no need for a motion to compel if there is an issue as to the viability of the objection.

PROTECTIVE ORDERS:

Plaintiff seeks the Defendant to submit forthwith a proposed protective order to the extent Defendant believe one is necessary in this case. The proposed protective order should be in the form approved by Magistrate Judge Varholak's form blanket protective order published on the Court's website.

Defendant's Position on Plaintiff's Proposals: Defendant agrees to the above provisions regarding objections to discovery requests and agrees to Plaintiff's proposal related to protective orders in this case.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

April 21, 2023.

b. Discovery Cut-off:

September 8, 2023.

c. Dispositive Motion Deadline:

October 6, 2023.

      d.      Expert Witness Disclosure

           1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Plaintiff may designate an accountant to describe the amount of interest that has been overcharged. Plaintiff believes this is unlikely. In the event that the Defendant asserts a bona fide error defense, Plaintiff may engage an expert on collection practices.

Defendant: Defendant does not anticipate the need for an expert at this time.

           2.      Limitations which the parties propose on the use or number of expert witnesses.

No more than one expert witness per side, including rebuttal experts.

           3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 30, 2023.*[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]*

           4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 28, 2023 [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

      e.      Identification of Persons to Be Deposed:

Plaintiff:

A Rule 30(b)(6) Designee of Defendant

A Rule 30(b)(6) Designee of the Creditor

Defendant:  Defendant intends to depose Plaintiff, anyone identified in Defendant's Rule 26 (a)(1) Initial Disclosures, and persons disclosed through the course of discovery or further investigation.

The dates and times of depositions have not yet been determined.

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:.

~~a.~~b.  JOINT STATUS REPORT shall be filed no later than June 1, 2023, updating the Court on the status of discovery and if there is anything the parties need to address with the Court.  If there are any outstanding issues, the Court may set a Status Conference.

~~b.~~c.  A telephonic final pretrial conference will be held in this case on December 5, 2023 at 10:30 a.m. ~~o'clock       m.~~ A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.  Five minutes prior to the start of the hearing, the parties shall call the conference line (888) 398-2342, Access Code 5755390# to participate.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b.  Anticipated length of trial and whether trial is to the court or jury.

Maximum of three days to a jury, likely two days.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 8th day of March 2023.

BY THE COURT:

*N. Reid Neureiter*
United States Magistrate Judge

APPROVED:

/s/ Daniel J. Vedra
Daniel J. Vedra
1444 Blake Street
Denver, CO 80202
303-937-6540
dan@vedralaw.com
*Attorney for Plaintiff*

/s/ Veronica Vecchio
Veronica Vecchio
2595 Canyon Blvd. #210
Boulder, CO 80302
303-926-0410
vecchio@laszlowlaw.com
*Attorney for Defendant*